**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**LESA MICHELLE TASCHETTI** **PLAINTIFF**

**V.** **No. 4:26-CV-00099-DPM-ERE**

**SOCIAL SECURITY ADMINISTRATION,**
**COMMISSIONER** **DEFENDANT**

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("RD") has been sent to United States District Judge D.P. Marshall Jr. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections must be specific, include a factual or legal basis, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I. Background

On September 26, 2022, Ms. Lesa Taschetti filed an application for disability insurance benefits alleging neck injuries, cervicogenic headaches, back injuries, fibromyalgia, chronic microvascular ischemic disease, interstitial cystitis/dysuria, irritable bowel syndrome, arthritis in the feet, bilateral tendonitis and synovitis in the wrists and thumbs, and muscle weakness. *Tr. 14, 229*. Her claim was denied initially and upon reconsideration. At a February 25, 2025 hearing, an Administrative Law Judge ("ALJ") heard testimony from Ms. Taschetti and a vocational expert ("VE"). *Tr. 33-66*. The ALJ issued a decision on March 25, 2025, finding that Ms. Taschetti

was not disabled. *Tr. 11–27.* The Appeals Council denied her request for review, making the ALJ's decision the final decision of the Commissioner. *Tr. 2-4*.

Ms. Taschetti, who was fifty-six years old at the time of the hearing, has a high school education and no past relevant work experience. *Tr. 25*

## II. The ALJ's Decision[1]

The ALJ found that Ms. Taschetti had not engaged in substantial gainful activity since the amended onset date of December 30, 2018 through March 31, 2021, the date last insured, and had the following severe impairments: headaches, degenerative disc disease in the lumbar and cervical spine, arrhythmia, right foot hammertoe and hallux valgus deformity, arthritis, lupus, and a neurocognitive disorder. *Tr. 16-17.* The ALJ concluded that Ms. Taschetti did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 17.*

According to the ALJ, Ms. Taschetti had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) no climbing ladders, ropes, or scaffolds; (2) occasional climbing of ramps and stairs; (3)

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

occasional stooping, crouching, bending, kneeling, crawling, and balancing; (4) frequent reaching, handling, fingering, and feeling with the bilateral upper extremities; (5) must avoid exposure to workplaces hazards such as unprotected heights moving mechanical parts; (6) must avoid exposure to lighting brighter than a typical office setting; and (7) can understand, remember, and carry out simple instructions, avoiding a specific production rate such as on an assembly line. *Tr. 19.*

Based on the VE's testimony, the ALJ found that a substantial number of potential jobs were available in the national economy that Ms. Taschetti could perform, including cashier II, order caller, and fingerprint clerk. *Tr. 26, 63.* Accordingly, the ALJ found that Ms. Taschetti was not disabled.

## III. Discussion

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that

supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B. Ms. Taschetti's Arguments for Reversal**

Ms. Taschetti argues that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to evaluate the combined effects of all of her impairments with her obesity. *Doc. 8*.

**C. Analysis**

Ms. Taschetti asserts that the ALJ failed to consider the fact that "the record unambiguously establishes that [she] was also obese throughout the relevant period." *Doc. 8*. In support, she cites numerous medical records showing a BMI over 30, arguing that the evidence establishes that her "obesity constitutes a medically determinable impairment that the ALJ was required to evaluate at every step of the sequential analysis." *Id.* Ms. Taschetti notes that "the ALJ mentioned obesity exactly once, in a single passing sentence . . . ." *Id.*

Ms. Taschetti bears the burden of proving her RFC, which represents the most she can do despite the combined effects of her credible limitations. *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019); 20 C.F.R. § 416.945(a)(1). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence,

including medical records, observations of treating physicians and others, and [the] claimant's own descriptions of her limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ must consider all the claimant's symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929(a).

First, "because [Ms. Taschetti] did not allege obesity as a basis for disability in her applications or at the hearing, the ALJ was not required to consider it in determining her RFC." *Mousseau v. Barnhart*, 119 F. App'x 18, 20 (8th Cir. 2004); *Davis v. Barnhart*, 197 F. App'x 521, 522 (8th Cir. 2006) (holding "ALJ did not err in failing to consider Davis's weight as an impairment, as Davis did not allege obesity in her application or testify about limitations resulting from her weight.").

Second, Ms. Taschetti's obesity argument relies on medical records outside of the relevant time period. Her date last insured was March 31, 2021, but the relied-upon citations of clinical obesity are various from appointments from April 5, 2021 through May 14, 2024. *Tr. 391-92, 399-400, 410-11, 913, 1321, 1378, 1385, 1416, 1426, 1431.* Numerous records (including those from the relevant period) indicate that Ms. Taschetti was not clinically obese. *Tr. 379, 386, 414, 427, 436, 442, 578, 641, 655.* Additionally, simply having a BMI over 30 does not automatically equate to a severe impairment.

Third, the ALJ mentioned obesity, albeit briefly, noting "evidence of residual and chronic pain in the setting of obesity, but with good motor strength and no focal neurological deficits. However, diagnostic findings were only mild to moderate." *Tr. 23.* So, the ALJ recognized obesity as a potential impairment but noted that it did not appear to impose any functional restrictions on Ms. Taschetti.

"So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022).

The ALJ adequately addressed Ms. Taschetti's obesity, and the record contains substantial evidence to support the ALJ's finding that Ms. Taschetti could perform a reduced range of light work.

**IV. Conclusion**

As set out above, the ALJ applied proper legal standards in evaluating Ms. Taschetti's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the Commissioner's decision and enter judgment in favor of the Commissioner.

Dated 13 October 2026.

UNITED STATES MAGISTRATE JUDGE